STATE *vs.* WILLIAM W. RUBY *et al.*

Cumberland. Decided December 12, 1878.

*Intoxicating liquors. Indictment.*

Two persons may be jointly indicted, one for maintaining a liquor nuisance under R. S., c. 17, § 2, and the other for aiding in its maintenance, under § 5 of the same chapter.

In the indictment the jurors present that R [of, on, at, etc.] did [etc.] keep and maintain a common nuisance, to wit, a certain room, . . by him used for the illegal sale and illegal keeping for sale of intoxicating liquors. . . And the jurors further present that P [of, on, at, etc.] did knowingly and unlawfully permit the room aforesaid, in the building aforesaid, which said room and said building were then and there under the control of said P, to be then and there used by said R for the illegal keeping for sale of intoxicating liquors aforesaid, whereby and by force of the statute in such case made and provided, said P is deemed guilty of aiding in the maintenance of a nuisance, etc. *Held*, on demurrer, a good indictment against each of the two, and that it sufficiently alleges that R did use the room therein described for the illegal sale of intoxicating liquors.

Form of indictment in full held good on demurrer. See statement of the case.

ON EXCEPTIONS from the superior court.

INDICTMENT (omitting the formal heading and conclusion), "that William W. Ruby, of Portland, in the county of Cumberland, laborer, on the fourth day of August, in the year of our Lord one thousand eight hundred and seventy-seven, at said Portland, in said county of Cumberland, did knowingly and willfully, and without having any legal appointment or authority therefor, keep and maintain a common nuisance, to wit, a certain room in a building called Hotel de Ponce, there situate, then and there by him, the said William W. Ruby, used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great damage and common nuisance of all citizens of said state; and the jurors aforesaid, upon their oath aforesaid, do further present that Ernesto Ponce, of Portland aforesaid, laborer, on the day and year aforesaid, at Portland aforesaid, did knowingly and unlawfully permit the room aforesaid, in the building aforesaid, which said room and said building were then and there under the control of said Ernesto Ponce, to be then and there used by the said William W. Ruby for the illegal sale and illegal keeping for sale of intoxicating liquors as aforesaid, whereby and by force of the statute in such case made and provided, said Ernesto Ponce is deemed guilty of aiding in the maintenance of a nuisance, to the great damage and common nuisance of all citizens of said state, against the peace of said state, and contrary to the form of the statute in such case made and provided."

To this indictment the defendants' attorney demurred, specially assigning the three following causes in behalf of each and, in behalf of Ponce, adding the fourth :

" I. That said indictment charges two several, distinct and different offenses, one offense against one William W. Ruby, and the other offense against the said Ponce, for each of which offenses a different penalty is prescribed, and to sustain each of which different evidence is required.

" II. That said indictment contains two counts only, one count against William W. Ruby alone for maintaining a nuisance, and the other count against said Ponce alone for aiding in the maintenance of a nuisance, a distinct and different offense, requiring different evidence to support it, and to which a different penalty is affixed.

" III. That said Ponce is therein indicted jointly with one William W. Ruby for a distinct and different offense from that therein charged against said Ruby.

" IV. That the second count in said indictment contains the only charge against said Ponce contained in said indictment, and it is nowhere alleged in said second count that said room was used by said Ruby or by any other person for the illegal sale or for the illegal keeping for sale of intoxicating liquors, or for any other unlawful purpose."

The demurrer was joined by the county attorney and overruled by the presiding justice; and the defendants alleged exceptions.

*M. P. Frank*, for the defendants.

*C. F. Libby*, county attorney, for the state.

VIRGIN, J. The respondents are jointly indicted. Ruby, for maintaining a liquor nuisance under R. S., c. 17, § 2, and Ponce, for aiding in its maintenance, under § 5 of the same chapter.

The respondents severally filed a special demurrer to the indictment, therein alleging: (1) That one count charges Ruby with one offense, and the other charges Ponce with another distinct and different one, requiring different evidence and subject to a different penalty; and Ponce alleges further that the count against him does not allege that the room mentioned therein was used by Ruby or any other person for any unlawful purpose.

We think neither of these objections should be sustained. The same offense may be stated in different ways in as many counts as are deemed necessary. And every separate count is required to charge a distinct offense, upon the ground that the law allows the joinder of several distinct offenses. 1 Arch. Cr. Pl. (8th ed.) 293 note. 1 Bish. Cr. Pro. § 427. That is, offenses of the same nature. *State* v. *McAllister*, 26 Maine, 374, 376. *State* v. *Burke*, 38 Maine, 574. As larceny and the receipt of the stolen goods knowing them to have been stolen. *State* v. *Stimpson*, 45 Maine, 608. For other illustrations. *State* v. *Hood*, 51 Maine, 363. *Commonwealth* v. *Costello*, 120 Mass. 358, and cases cited.

So the law makes no objection to the joinder of several defendants as principals of the same offense, when it is such as can be

jointly committed.   So principals in the first degree were indicted and tried jointly with those in the second.   2 Bish. Cr. Pro. § 5, and notes.   Formerly, accessories before the fact could be tried only with the principal, or after his conviction, though that practice has been changed in England by the Stat. 7 Geo. IV, c. 64, § 9, and here by a statute of a similar purport now incorporated in R. S., c. 131, § 6.   *State* v. *McAllister, supra.*

Moreover, a receiver of stolen goods, though not strictly an accessory after the fact, is now by force of certain English statutes made such, and is jointly indicted, tried and convicted with the principal felon.   3 Chit. Cr. Law, 380.   1 Arch. Cr. Pr. (8th ed.) 74.   *Rex* v. *Austin,* 7 Car. & P. 475, and other cases on county attorney's brief.   The same practice has long been in force in Massachusetts.   *Commonwealth* v. *King,* 9 Cush. 284.   *Com.* v. *Adams,* 7 Gray, 43.   *Com.* v. *O'Connell,* 12 Allen, 451, 453. *Com.* v. *Finn,* 108 Mass, 466.

In misdemeanors there are no accessories.   In the commission of any offense of that nature, all are principals whose relations to it are such as, were it a felony, would constitute them accessories before the fact.

The case at bar is a misdemeanor.   Ruby is charged with keeping and maintaining a nuisance made criminal by the statute, and Ponce with aiding him.   This, if a felony, would make Ponce a principal in the second degree.   The mode of charging defendants in such cases is, after stating the offense of the principal in the first degree, immediately before the conclusion of the indictment, charge the principal in the second.   1 Arch. Cr. Pr. (8th ed.) 64.   2 Bish. Cr. Pro. (2d ed.) § 5.   After calling attention to the fact that the indictment contains but one count when thus drawn, Mr. Bishop, in note 2 to § 5, says : " Therefore an indictment under a statute for a misdemeanor as well as for a felony is good, if in a single count it first sets out the offense of the principal in the first degree, then proceeds to state the presence, aiding and abetting of the principal of the second degree, and concludes against the form of the statute, though there is no such separate conclusion as to the offense of the principal of the first degree." The indictment at bar precisely conforms to the foregoing, unless the next point raised is well taken.

It is contended that there is no allegation in the second count that the room mentioned therein was in fact used by Ruby for any unlawful purpose, but only that such use was permitted.

As already seen, there is but one count. If there were two, however, one might, for the purpose of saving repetition, refer to another. *State* v. *McAllister, supra. State* v. *Nelson*, 29 Maine, 329. 1 Bish. Cr. Pro. (2d ed.) § 431. When there is but one count, of course all the allegations are to be construed together. Now, it is alleged that Ruby kept a nuisance, to wit, a room " then and there by him used for the illegal sale," etc. Also that Ponce did " permit the room to be used by Ruby for the illegal sale," etc., " as aforesaid." We think this reference carries with it the allegation of actual use by Ruby set out in the former part of the count.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.